# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

**GEORGIA A. RUCKER**                                                      **PLAINTIFF**

**VS.**                                    **CIVIL ACTION NO. 3:12CV367-HTW-LRA**

**ALFA INSURANCE COMPANIES**                                  **DEFENDANT**

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This cause is before the undersigned Magistrate Judge on the Motion for Sanctions and Supplemental Motion for Sanctions filed by Alfa Insurance Companies ["Defendant" or "Alfa"]. *See* ECF Nos. 19 & 22. Plaintiff Georgia A. Rucker ["Plaintiff" or "Ms. Rucker"] has not filed a written response to either motion.

The case management conference in this case was conducted on July 31, 2012. Discovery was propounded to Plaintiff by Defendant on August 7, 2012. Plaintiff did not respond to this discovery, and Defendant filed a Motion to Compel on October 18, 2012 [ECF No. 14]. Plaintiff did not respond to the motion, and by Order filed November 14, 2012 [ECF No. 15], the Court granted the motion and directed Plaintiff to respond to the discovery by December 3, 2012. Plaintiff was advised that sanctions would be awarded if she failed to comply with the Order by that date.

On December 3, 2012, Plaintiff filed a "Motion for Modification," [ECF No. 16] requesting additional time to respond to the discovery. By Order [ECF No. 18] filed December 13, 2012, the Court granted Plaintiff's motion and gave her until January 14, 2013,

to fully respond to Defendant's discovery. When Plaintiff still did not respond to the discovery, Defendant filed the instant Motion for Sanctions [ECF No. 19].

Plaintiff did not file a response to the Motion for Sanctions. The Court set the motion for hearing on February 7, 2013. Plaintiff did not appear for the hearing. Staff of the Court called Plaintiff by phone, and Plaintiff participated in the hearing via telephone. Plaintiff testified at the hearing that she had not received correspondence either from Defendant or from this Court. She testified that her correct address is 1411 Cadillac Drive, Jackson, MS 39213. However, she has trouble with receiving her mail. According to Ms. Rucker, she has not received any pleadings from Defendant or from the Court regarding this discovery or the motions to compel. She could not explain why she did not receive mail.

Defendant produced numerous return receipts confirming that its counsel had mailed pleadings to Plaintiff at the Cadillac Drive address. These were filed as "Exhibit A" supplementing the motion [ECF No. 20]. The receipts were returned marked "unclaimed–unable to forward," and confirmed that the post office attempted to deliver each article of mail several times— but that delivery was refused. The receipts contain the notation that the attempted recipient was notified on several occasions that a delivery was attempted before the letters were returned to sender.

At the hearing, Plaintiff testified that she had no knowledge of these delivery attempts. The undersigned directed Plaintiff to notify the post office of the problem and to submit evidence to rebut Defendant's evidence that she refused to accept its certified delivery of the pleadings in this case. She was directed to submit that evidence on or before February 15,

2013. Although over two months has passed since that date, Plaintiff has not filed any additional evidence or pleading. According to Defendant's supplement [ECF No. 22], it still has not received the discovery responses from Ms. Rucker.

The undersigned has ordered Ms. Rucker on two separate occasions to provide the discovery responses. She has failed to do so or to provide any reasonable excuse for not complying with this Court's Orders.

Ms. Rucker has not abided by the orders of this Court due to her failure to respond to the Court's Orders, or otherwise to participate in discovery or to prosecute her case. She filed his Complaint on May 29, 2012, nearly a year ago. The initial discovery deadline has passed, and Defendants have received no discovery. Plaintiff has not provided an address where Defendant can contact Plaintiff via the United States Postal Service, and the case cannot proceed under those circumstances. Plaintiff filed this civil case and shall be required to follow the rules of the Court, as is any other litigant.

This Court has the authority to dismiss an action for failure of a plaintiff to prosecute or to comply with any order of the Court both under Fed. R. Civ. P. 41(b) and under its inherent authority. *See McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988)*; Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-631 (1962). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court. *Link*, *supra*, 370 U.S. at 630. The actions

of Plaintiff also prejudice the rights of Defendant to promptly and fully defend the claims made against them. This Defendant has received no responses to discovery and has been unable to prepare for trial or to otherwise defend the case. It has incurred attorneys' fees and costs in its attempt to defend the claims.

The undersigned acknowledges that Ms. Rucker is *pro so*, and she has been given every opportunity to explain her difficulties in providing the discovery. She has been granted extensions, and the Court has delayed rulings in order to give her ample time to provide responses. It is obvious that she has lost interest in prosecuting her claims, and her case should be dismissed.

For the above reasons, the undersigned recommends that this cause of action be dismissed pursuant to FED. R. CIV. P. 41(b). Alternatively, she should be required to pay costs to Defendant in the amount of $1,500 before being allowed to proceed. A copy of this Report and Recommendation shall be mailed via United States Postal Service to Ms. Rucker at the address she provided the Court, 411 Cadillac Drive, Jackson, Mississippi 39213.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. 28 U.S.C. § 636; *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996). **Plaintiff**

**shall file any objections to this Report and Recommendation on or before May 17, 2013, or her case shall be dismissed without further notice.**

This the 26th day of April, 2013.

                                                S/ Linda R. Anderson
                                  UNITED STATES MAGISTRATE JUDGE